UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVELYN MEDRANDA,

                                         Plaintiff,

                    v.

FRANK BESIGNANO, COMMISSIONER OF SOCIAL
SECURITY,[1]

                                         Defendant.

CIVIL ACTION NO. 23 Civ. 6633 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Before the Court in this social security action is the motion pursuant to Federal Rule of Civil Procedure 60(b) of Defendant Frank Besignano, Commissioner of Social Security (the "Commissioner") for relief from the Judgment entered on September 6, 2024 remanding the action for further proceedings, "which must be completed before the [Administrative Law Judge ("ALJ")] within 120 days of [September 6, 2024], and before the Commissioner within 60 days of any appeal from the decision of the ALJ." (Dkt. Nos. 19 (the "Judgment"); 23 (the "60(b) Motion")). Plaintiff Evelyn Medranda ("Ms. Medranda") opposes the 60(b) Motion and cross-moves for a declaratory judgment that the Commissioner failed to comply with the Judgment and remand for calculation of benefits. (Dkt. No. 24 (the "Cross-Motion")).

For the reasons set forth below, the 60(b) Motion is GRANTED and the Cross-Motion is DENIED.

---

[1] In May 2025, Mr. Besignano was confirmed as the Commissioner of the Social Security Administration, replacing Acting Commissioner, Frank Dudek. The Clerk of the Court is respectfully directed to update the caption accordingly. See 42 U.S.C. § 405(g).

## II. <u>BACKGROUND</u>

We incorporate by reference the history of Ms. Medranda's applications for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB") in our Opinion and Order dated September 6, 2024, in which we granted in part and denied in part the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and remanded for further proceedings. <u>Medranda v. O'Malley</u>, No. 23 Civ. 6633 (SLC), 2024 WL 4100567 (S.D.N.Y. Sept. 6, 2024) ("<u>Medranda I</u>").

### A. <u>Medranda I</u>

In <u>Medranda I</u>, the parties agreed that the ALJ erred at step five of the sequential five-step process for evaluating an alleged disability in 20 C.F.R. §§ 404.1520(a)(4)(i)–(v) and 416.920(a)(4)(i) –(v), but "disagree[d] about what should occur on remand." <u>Medranda I</u>, 2024 WL 4100567, at *7; <u>see id.</u> at *5–6 (discussing five-step evaluation process). Ms. Medranda argued that given the Commissioner's inability "to properly evaluate" her applications on eight occasions over 15 years, remand should have only been for calculation of benefits, while the Commissioner argued that remand for further development of the record at step five was warranted. <u>Id.</u> at *7. Finding "a clear 'basis to conclude that a more complete record might support the Commissioner's decision[,]'" we remanded the action for the ALJ to rectify the error at step five by obtaining accurate numbers of jobs available in the national economy that Ms. Medranda could perform. <u>Id.</u> at *8 (quoting <u>Rosa v. Callahan</u>, 168 F.3d 72, 83 (2d Cir. 2004)).

Finding "the 15-year saga" of Ms. Medranda's applications "distressing," however, and seeking to "minimize any further delay," the Court deemed it appropriate to "'set a time limit for action by the administrative tribunal[.]'" <u>Medranda I</u>, 2024 WL 4100567, at *9 (quoting

2

<u>Zambruno v. Califano</u>, 651 F.2d 842, 844 (2d Cir. 1981)).  We therefore ordered that "further proceedings before the ALJ on remand must be completed within 120 days of" September 6, 2024, <u>i.e.</u>, January 6, 2025,[2] and that if the Commissioner determined to deny Ms. Medranda's applications, "the final decision of the Commissioner must be rendered within 60 days of Ms. Medranda's appeal from that decision."  <u>Medranda I</u>, 2024 WL 4100567, at *9.  We cautioned that, "if these deadlines are not observed, a calculation of benefits owed to Ms. Medranda based on her alleged onset date of February 1, 2009 must be made immediately."  <u>Id.</u> (citation modified).

The same day as <u>Medranda I</u>, the Clerk of the Court issued the Judgment, which included the requirement that further proceedings on remand "must be completed by the ALJ within 120 days of today's date, and before the Commissioner within 60 days of any appeal from the decision of the ALJ."  (Dkt. No. 19).

### B. <u>Proceedings on Remand</u>

On September 11, 2024, the Appeals Council issued an order remanding the action to the ALJ "for further proceedings consistent with the order of the court **including conducting the administrative hearing and issuing a decision within 120 days of the date of the order.**"  (Dkt. No. 23-1 at 7 (original emphasis)).  On December 11, 2024, Ms. Medranda, with her attorney, Gabriel Hermann, Esq., appeared and testified before an ALJ.  (<u>Id.</u> at 3 ¶ 3(b)).  Lewis B. Insler,

---

[2] Adding 120 days to September 6, 2024 equates to January 4, 2025, which was a Saturday, so the 120-day period expired on Monday January 6, 2025.  <u>See</u> Fed. R. Civ. P. 6(a)(1)(C) (in computing time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

Esq., a former partner of Mr. Hermann's, represents Ms. Medranda in this action.  (Dkt. No. 25 ¶¶ 1, 3).  See Medranda I, 2024 WL 4100567.

On December 18, 2024 – within 120 days of the Judgment – the ALJ issued a decision finding Ms. Medranda not disabled.  (Dkt. No. 23-1 at 10–46 (the "Sixth Decision")).[3]  The Sixth Decision was sent to Ms. Medranda at her home address in Yonkers, New York.  (Id. at 10).  The Sixth Decision informed Ms. Medranda that she had to file any written exceptions with the Appeals Council within 30 days of the date she received it, and that the Appeals Council presumed she received the Sixth Decision within five days of December 18, 2024 – December 23, 2024 – "unless [she] show[ed] that [she] did not get it within the 5-day period."  (Id.)  Pursuant to the Sixth Decision, then, the deadline for Ms. Medranda's exceptions was January 22, 2025, 30 days from December 23, 2024.

On January 10, 2025, Mr. Hermann filed on Ms. Medranda's behalf a request for review of the Sixth Decision.  (Dkt. No. 23-1 at 3 ¶ 3(d), 47 (the "Request")).[4]  The Request seeks review of the Sixth Decision on the ground that "[t]he ALJ's decision is not supported by the extensive evidence of record[,]" but does not elaborate.  (Id. at 47).  The box to the left of "Please grant me an extension of time to submit evidence or argument[]" is checked, but so are all the other boxes on the form, including boxes that are inapplicable or inconsistent, such as both the "Yes" and "No" boxes for "Is the request for review received within 65 days of the Judge's Decision/Dismissal?"  (Id.)  Ms. Medranda acknowledges that the extension request box is

---

[3] There had been five prior decisions finding Ms. Medranda not disabled.  See Medranda I, 2024 WL 4100567, at *3–4 (discussing the first five decisions).

[4] The Request is dated January 9, 2025, but the parties agree that Mr. Hermann submitted the Request on January 10, 2025.  (See Dkt. Nos. 23-1 at 3 ¶ 3(d); 26 ¶ 6).

checked (Dkt. No. 24 at 3), but Mr. Hermann denies checking any boxes on the Request other than to indicate that he was Ms. Medranda's attorney, and asserts that he "most definitely did not request that the Agency grant [him] an extension of time to submit evidence or argument[,]" and is "unaware as to how the other boxes came to be checked." (Dkt. No. 26 ¶ 9).

On February 26, 2025, the Appeals Council notified Mr. Hermann that it granted his "request for more time to send [] written exceptions explaining the reasons [he] disagree[d] with [the Sixth Decision]." (Dkt. No. 23-1 at 49 (the "Feb. 26 Letter")). The Feb. 26 Letter is post-marked March 1, 2025, but Mr. Hermann does not indicate when he received it. (Dkt. Nos. 26 ¶¶ 10–11; 26-1 at 8). The Feb. 26 Letter required Mr. Hermann to send any exceptions within 30 days – by March 28, 2025 – on the assumption that he received it within five days, i.e., by March 3, 2025. (Dkt. No. 23-1 at 49). Mr. Hermann attests that, on receipt of the Feb. 26 Letter – which he says contains the "unrequested extension of time" – he "consulted with the Olinsky Law Group, the firm that typically prepares [his] Appeals Council briefs, and asked them [to] draft exceptions on the merits, but with specific instructions to not submit anything to the Appeals Council until they were told by [him] to do so." (Dkt. No. 26 ¶ 11). Mr. Hermann does not assert that he notified the Appeals Council that he had not requested an extension. (See Dkt. No. 26).

On March 14, 2025, after Mr. Hermann informed Mr. Insler that "he had not received anything from the Appeals Counsel within 60 days of" the Request, Mr. Insler contacted the Commissioner's attorney and "ask[ed] that the matter be transferred for calculation and payment of benefits." (Dkt. No. 25 ¶ 4). On March 21, 2025, Mr. Hermann learned of the Feb. 26 Letter but informed Mr. Insler that he had not requested an extension. (Id. ¶ 6). The record does

not contain any indication that any of Ms. Medranda's attorneys notified the Appeals Council that they had not requested the extension in the Feb. 26 Letter.

On March 28, 2025, the Commissioner's attorney informed Mr. Insler that the extension request box was checked on the Request, that the Appeals Council had received written exceptions, and that the Commissioner intended to file the 60(b) Motion.  (Dkt. No. 25 ¶ 7).  Mr. Insler declined to consent to the 60(b) Motion, and the Commissioner's attorney commented "that this was not a typical situation."  (Id. ¶ 8).  Also, on March 28, 2025 – the deadline pursuant to the Feb. 26 Letter – the Olinsky Law Group submitted to the Appeals Council on Ms. Medranda's behalf "arguments and statements of the ALJ's errors" in the Sixth Decision.  (Dkt. No. 23-1 at 54–56 (the "Exceptions")).  Mr. Hermann attests that "[u]pon becoming aware of this error[,] the Olinsky Law Group[] sent a letter dated April 3, 2025, via fax, to the Appeals Council acknowledging that the exceptions were submitted in error."  (Dkt. No. 26 ¶ 12; see Dkt. No. 24-2 (the "Apr. 3 Letter")) (stating that the Exceptions "were inadvertently submitted before authorization from" Mr. Hermann).

In the interim, on March 31, 2025, the Appeals Council notified Mr. Hermann that it had "considered the reasons [he] disagree[d] with the [Sixth Decision] and all of the issues in the case[,]" but found "no reason under [the] rules to assume jurisdiction."  (Dkt. No. 23-1 at 57–63 (the "AC Decision")).  In the AC Decision, the Appeals Counsel noted the Request and the extension granted in the Feb. 26 Letter, as well as the Exceptions, which were "timely."  (Id. at 57).  The Appeals Council explained why it rejected each of the arguments asserted in the Exceptions and found that the Sixth Decision "complie[d] with the orders of the U.S. District Court and Appeals Council."  (Id. at 58).  The Appeals Council held that the Sixth Decision was

6

"consistent with [the] applicable laws, regulations, and Social Security Rulings[,]" and therefore declined to assume jurisdiction, thus making the Sixth Decision "the final decision of the Commissioner [] after remand by the Court." (Id.).

### C. **Return to Federal Court**

On April 15, 2025, the Commissioner filed the 60(b) Motion, asking to be relieved from the portion of Medranda I and the Judgment "directing payment of benefits and extending the time for [him] to complete review of the Plaintiff's appeal of the [Sixth] [D]ecision to the date the proceedings were completed[,]" i.e., March 31, 2025. (Dkt. No. 23 at 6–7). On April 18, 2025, Ms. Medranda filed the Cross-Motion, which seeks a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 that the Commissioner did not comply with Medranda I and the Judgment and remanding solely for a calculation and payment of benefits. (See Dkt. No. 24).

Separately, on May 2, 2025, Ms. Medranda filed a new action seeking judicial review of the Sixth Decision. See Medranda v. Comm'r of Soc. Sec., No. 25 Civ. 3690 (KMK) (S.D.N.Y.) ("Medranda II"). The Honorable Kenneth M. Karas has stayed Medranda II at the parties' request pending the outcome of the Motions in this action. (Medranda II, Dkt. Nos. 10–11).

### III. **DISCUSSION**

### A. **The 60(b) Motion**

#### 1. **Legal standard**

Federal Rule of Civil Procedure 60(b) provides six situations in which a court may, "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding . . ." Fed. R. Civ. P. 60(b). As is relevant here, the enumerated reasons for relief include "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). (See

7

Dkt. No. 23 at 6 (invoking Rule 60(b)(1)).  A party moving for relief under Rule 60(b) must do so "within a reasonable time" and, if under Rule 60(b)(1), "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

The party seeking Rule 60(b) relief must present 'highly convincing" evidence, "show good cause for the failure to act sooner," and show that "no undue hardship [would] be imposed on other parties."  Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987); accord Lawtone-Bowles v. U.S. Bank Nat'l Ass'n, No. 19 Civ. 5786 (PMH), 2021 WL 1518329, at *2 (S.D.N.Y. Apr. 16, 2021) (collecting cases).  Although Rule 60(b) must "be broadly construed to do substantial justice while respecting that final judgments should not be lightly reopened[,]" Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep., 864 F.3d 172, 183 (2d Cir. 2017), it is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).  Rule 60(b) motions are left to the "sound discretion of the district court[.]"  Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd, 111 S. Ct. 2173 (1991); accord Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

### 2.  Application

The Commissioner seeks relief from the deadlines in the Judgment under Rule 60(b)(1) on grounds of excusable neglect.  (Dkt. No. 23 at 6–7).  "'Excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'"  Pozo v. City of New York, No. 11 Civ. 2565 (LTS) (FM), 2013 WL 4046301, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting Pollard v. Does, 452 F. App'x 38, 40 (2d Cir. 2011)).  In evaluating a Rule 60(b)(1) motion asserting excusable neglect, courts consider:

> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including

8

whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

Watts-Devine v. United States, 616 F. App'x 9, 10 (2d Cir. 2015) (summary order). "The movant's reason for the delay 'predominates, and the other three are significant only in close cases[.]" Lawtone-Bowles, 2021 WL 1518329, at *3 (quoting Watts-Devine, 616 F. App'x at 11).

Taking the first two factors together, prejudice to Ms. Medranda and the length of the delay, the Commissioner argues that "there is little danger of prejudice to [her] as the delay was minimal[,]" only 20 days after the deadline in the Judgment and only three days after the Exceptions. (Dkt. No. 23 at 7). Here, the Judgment required proceedings before the Appeals Council to be completed "within 60 days of any appeal" from the Sixth Decision. (Dkt. No. 19). Mr. Hermann filed the Request on January 10, 2025, making the deadline March 11, 2025. (Dkt. No. 23-1 at 3 ¶ 3(d), 47). The Appeals Council issued the AC Decision on March 31, 2025, 20 days later. (Dkt. No. 23-1 at 57–63). Ms. Medranda does not dispute that a 20-day delay is brief, but argues that "the prejudice is immense" because she should be receiving benefits going back to August 2009, and granting the 60(b) Motion would require her either to "bring the matter before this court for the fifth time to request that it again be remanded, or else give up the claim of disability after 15 years." (Dkt. No. 24 at 2).[5] In our view, the delay was relatively brief and did not impact any judicial proceedings. See Lawtone-Bowles, 2021 WL 1518329, at *3 (finding one month delay "minimal"). In addition, the delay is the result of Ms. Medranda's apparent request for an extension of time to submit the Exceptions, which the Appeals Council granted and none of Ms. Medranda's attorneys disputed. (See § II.B., supra). While Ms. Medranda now complains

---

[5] The 60(b) Motion is indisputably timely, the Commissioner having filed it on April 15, 2025, within a year of the Judgment, which was entered on September 6, 2024. (Dkt. Nos. 19; 23).

of delays in receiving notice that the Appeals Council had granted the extension to submit the Exceptions (Dkt. No. 24 at 3–4), the record reflects that, despite learning of the "unrequested extension of time" (Dkt. No. 26 ¶ 11), none of her attorneys disputed the extension or notified the Appeals Council that she had <u>not</u> requested it.  (<u>See</u> Dkt. Nos. 23-1 at 47, 49; 24 at 3; 26 ¶ 9).  Furthermore, given the perfunctory, one-sentence challenge to the Sixth Decision in the Request, we find that it was reasonable for the Appeals Council to expect that Ms. Medranda planned to submit a more fulsome submission of the reasons why she believed the ALJ erred – which her attorneys did then prepare and submit by the extended deadline, despite their claim after learning of the AC Decision that they did so in error.  (<u>See</u> Dkt. Nos. 23-1 at 47, 54–56; 24-2).  Thus, the first two factors support a finding of excusable neglect on the part of the Commissioner.

As to the third factor, the reason for the delay, as the Commissioner points out (Dkt. No. 23 at 8), the reason for the 20-day delay was Ms. Medranda's extension request (Dkt. No. 23-1 at 47), which was timely and thus the Appeals Council was required to grant it.  <u>See</u> 20 C.F.R. §§ 404.984(b)(1), 416.1584(b)(1) ("A timely request for a 30-day extension will be granted by the Appeals Council.")).  The reason for the delay was therefore not a lapse or act of carelessness by the Commissioner.

Finally, as to the fourth factor, good faith, Ms. Medranda contends that the Appeals Council schemed to grant the extension of time to submit the Exceptions and delayed mailing the Feb. 26 Letter as a stalling tactic.  (Dkt. No. 24 at 3 (arguing that the 60(b) Motion "should also have been made earlier in the process")).  Ms. Medranda's argument has no merit.  As Ms. Medranda concedes, the Request on its face shows a request for an extension of time to submit the Exceptions.  (Dkt. Nos. 23-1 at 47; 24 at 3).  As noted above, after learning of the extension,

Ms. Medranda's attorneys did not inform the Appeals Council that they had <u>not</u> requested an extension or that the extension was in error but instead undertook to prepare and submit the Exceptions by the extended deadline of March 28, 2025. (Dkt. No. 23-1 at 49, 54–56). The Appeals Council then issued the AC Decision on March 31, 2025, within <u>three</u> days of receipt of the Exceptions on March 28, 2025. (<u>Id.</u> at 57–63). This short appellate period pales in comparison to the length of time between the earlier ALJ decisions and the Appeals Council's actions, demonstrating that the Appeals Council was endeavoring to act in compliance with the Judgment and timely consider Ms. Medranda's Exceptions to the Sixth Decision. <u>See</u> <u>Medranda I</u>, 2024 WL 4100567, at *3 (more than 18-month gap between First Decision and Appeals Council's grant of Ms. Medranda's request for review). (<u>See</u>, <u>e.g.</u>, Certified Administrative Record (Dkt. Nos. 11 at 11–13, 18–20 (more than 18-month gap between Second Decision and Appeals Council's denial of request for review); 11-3 at 18–22 (more than 18-month gap between federal court remand in July 2016 and Appeals Council's December 2017 notification of remand to ALJ for further proceedings)). The Appeals Council's prompt consideration of the Exceptions and issuance of the AC Decision within three days thus indicates a good faith effort to expedite Ms. Medranda's proceedings.

Because all four factors weigh in favor of concluding that any delay by the Commissioner in meeting the deadlines in the Judgment was, at most, excusable neglect, we grant the Commissioner relief from the Judgment to the extent that (i) the deadline to complete the administrative appeal process is extended <u>nunc pro tunc</u> to March 31, 2025, the date of the AC Decision, and (ii) the Commissioner is therefore not required to calculate and award benefits to Ms. Medranda.

B. **The Cross-Motion**

1. **Legal standard**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Federal Rule of Civil Procedure 57 "govern[s] the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. "In a declaratory judgment action, like any other action, a party may not evade the notice and pleading requirements[.]" Days v. Eastchester Police Dep't, No. 18 Civ. 11538 (NSR), 2023 WL 2479959, at *2 (S.D.N.Y. Mar. 13, 2023). "[I]t is well established that because an action for a declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief but rather must bring an action for a declaratory judgment." Bisnews AFE (Thai.) Ltd. v. Aspen Rsch. Grp. Ltd. No. 11 Civ. 3108 (NRB), 2012 WL 3283479, at *3 (S.D.N.Y. Aug. 13, 2012) (citation modified) (explaining that declaratory "relief must be sought through an action, not a motion, for declaratory judgment"). A pleading seeking a declaratory judgment "must meet the pleading requirements of Federal Rule of Civil Procedure 8." Id. at *2; accord GE Transp. Parts, LLC v. Cent. Ry. Mfg., LLC, No. 19 Civ. 4826 (JPO), 2022 WL 4467192, at *3 (S.D.N.Y. Sept. 26, 2022).

2. **Application**

Ms. Medranda's Cross-Motion, which seeks a declaratory judgment that she is entitled to benefits, fails for the simple reason that it "is procedurally improper under Rule 57." Days, 2023 WL 2479959, at *2. As the authorities above make clear, a motion seeking declaratory relief is

12

improper, and here, Ms. Medranda has not filed any pleading, let alone one satisfying Rule 8, seeking a declaratory judgment.  Ms. Medranda's Complaint is a two-page standard pleading seeking review of the Fifth Decision; it gives no notice to the Commissioner of any intent to seek a declaratory judgment.  (See Dkt. No. 1).  Furthermore, Ms. Medranda has already initiated Medranda II, which provides the appropriate mechanism for federal court review of the Sixth Decision denying her application for SSI and DIB benefits.  (See § II.C., supra).  See 42 U.S.C. § 405(g) (providing for judicial review of Commissioner's final decision by commencing a civil action in federal district court).  Accordingly, Ms. Medranda's Cross-Motion is DENIED.  See GE Transp. Parts, 2022 WL 4467192, at *3–4 (collecting cases and denying motion for declaratory judgment that lacked supporting pleading); Bisnews AFE (Thai.) Ltd., 2012 WL 3283479, at *2–3 (same).

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's 60(b) Motion is GRANTED to the extent that (i) the deadline to complete the administrative appeal process is extended nunc pro tunc to March 31, 2025, the date of the AC Decision, and (ii) the Commissioner is therefore not required to calculate and award benefits to Ms. Medranda, and Ms. Medranda's Cross-Motion is DENIED.

13

The Clerk of the Court is respectfully directed to close Dkt. No. 23.

Dated:        New York, New York
              February 4, 2026

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge